## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HOUSING AUTHORITY OF BALTIMORE CITY, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. JFM-15-3568 |
| | * | |
| ERICA S. WHITE, | * | |
| | * | |
| Defendant. | * | |
| | *** | |

### MEMORANDUM

Erica S. White[1] filed a notice of removal from the District Court of Maryland for Baltimore City and a motion to proceed in forma pauperis. (ECF 1, 3). On November 24, 2015, White filed a supplement to the notice of removal. (ECF 5). After review of the pleadings, the court will dismiss the motion to proceed in forma pauperis [2] and remand this case to the District Court for Baltimore City.

### DISCUSSION

On November 23, 2015, White removed Case No. 2015014400430225, a rent dispute action, from the District Court of Maryland to this court. (ECF 1, 2). On October 29, 2015, the Housing Authority of Baltimore City, by its counsel, filed a complaint for repossession of White's leasehold. (ECF 2).

"[A]ny civil action brought in a State court of which the district courts of the United

---

[1] White identifies herself as an attorney who is "winding down" her practice because she is in the process of a disciplinary proceeding. (ECF 3, p. 5).

[2] White reports that her monthly income is $18,212.00 (ECF 3, p. 2), which may be an error, given the rest of the information she provides in her financial statement. Clarification of this discrepancy would unnecessarily delay remand of this matter to state court for reasons to be addressed herein.

States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). To effectuate removal, the defendant must file a notice of removal in the district court within thirty (30) days of receipt of a copy of the initial pleading setting forth the claim for relief in the action. *Id.* § 1446(a) & (b).

Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005); *see also Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (stating removal jurisdiction is strictly construed). The removing party has the burden of proving subject matter jurisdiction. *Id.; Johnson v. Nutrex Research, Inc.*, 429 F.Supp.2d 723, 726 (D. Md. 2006).

Federal jurisdiction exists when a "federal question" is presented pursuant to 28 U.S.C. § 1331 or where there is diversity of citizenship and the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (2004). In this case, the notice of removal fails to set forth a basis for this court to exercise jurisdiction. The notice does not assert this court has federal question subject matter jurisdiction over this case, nor suggests such a jurisdictional basis. Further there is no diversity of citizenship among the parties. White is a resident of Maryland and defendant, the Housing Authority of Baltimore City, is an agency of the City of Baltimore. In sum, there are no grounds to assert federal jurisdiction over this case.

## CONCLUSION

Accordingly, the court will remand this matter to the District Court for Baltimore City by separate order.

_____  *12/3/15*
Date

_____
J. Frederick Motz
United States District Judge

BY----------DEPUTY
AT BALTIMORE
CLERK'S OFFICE
2015 DEC -3 AM 11: 52
DISTRICT OF MARYLAND
U.S. DISTRICT COURT
FILED